### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOZELLA  McCLENDON and KAMAR SAMUELS, h/w<br><br>                          Plaintiff,<br><br>          v.<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.,<br>                          Defendant. | CIVIL ACTION<br><br><br>No. |

### COMPLAINT

**I.      INTRODUCTION**

1.      This action involves a wrongful debt collection brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") and state consumer protection laws.

**II.     JURISDICTION**

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §1332. Supplemental jurisdiction over the state law claims arises under 28 U.S.C. §1367 and 28 U.S.C. §1391. Venue is proper in this district as all defendants do business here and the underlying transaction occurred here.

**III.    PARTIES**

3.      Plaintiffs are natural persons, married, and at all times relevant hereto was a "consumer" as defined and governed by the FDCPA, 15 U.S.C. §1692 et seq. Plaintiffs reside at 7 Birchwood Drive, Blakeslee, PA 18610

4.      Defendant Commonwealth Financial Systems, Inc. ("CFS") is a corporation with principal offices at 120 North Keyser Ave., Scranton, PA 18504. CFS regularly attempts to collect debts alleged to be due another and is a debt collector as

defined by 15 U.S.C. §1692a(6) and/or falls within the FDCPA as the buyer of defaulted debt.

5.      Defendant CFS specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect.

**IV.    FACTS**

6.      Prior to the events described hereinafter, plaintiff was a debtor on a credit card issued allegedly issued to plaintiff by First USA Bank ("the debt").

7.      Defendant sued plaintiff McClendon on the debt in or around March, 2008 in the Monroe County Court of Common Pleas, Docket No. 2052 CV 2008 (hereafter "the collection litigation").

8.      Plaintiff Mozella McClendon has not made a payment towards this debt for in excess of 4 years.

9.      Defendant brought the collection litigation beyond the statute of limitations for contract actions permitted in this Commonwealth by 42 Pa.C.S.A. §5525.

10.     Plaintiff McClendon hired legal counsel to defend the debt based on it being time barred by Pennsylvania statute as aforesaid.

11.     After filing of Motions for Summary Judgment by the parties, defendant dismissed the collection litigation without prejudice on September 24, 2010.

12.     Thereafter on October 11, 2010, Defendant sent plaintiff McClendon a collection letter (hereinafter "the collection letter") stating in relevant part:

"…Commonwealth Financial Systems hold a Judgment against you." … "we are forced to explore execution of this Judgment…" that "may result in additional costs to you…"

13.     Plaintiffs collectively expended in excess of $3,000 in legal fees and costs to defend the spurious collection litigation.

## COUNT I.
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) and
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

14.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Defendant CFS is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

16.     Each Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

17.     All of the above contacts by Defendant CFS were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

18.     CFS knew or should have known that it had no judgment against plaintiff McClendon when it sent the collection letter described above.

19.     The foregoing acts and omissions of CFS constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

  a)  The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

b) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

c) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

e) Attempting to collect any amount not authorized by agreement or permitted by law.

20.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs to pay the debt.

21.    As a result of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT II - VIOLATION OF THE FDCPA

22.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    The foregoing acts and omissions by the Defendant CFS in proceeding with litigated collection of a debt that was time barred and by the false allegations of the collection letter as to a non-existent judgment constitute violations of the FDCPA, which include, but are not limited to, the following:

a) Defendant CFS violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

b) Defendant CFS additionally violated 15 U.S.C. § 1692e by engaging in any false, deceptive, or misleading representations in the collection of a debt.

24.     The Plaintiffs are therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against defendants, jointly and severally, or singly as indicated, for:

(a) Actual and compensatory Damages against defendant;

(b) Actual damages pursuant to 73 P.S.§ 201-9.2(a) against Defendant;

(c) Treble actual damages pursuant 73 P.S.§ 201-9.2(a) against Defendant;

(d) Costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a), and;

(e) Actual damages in the form of emotional distress and statutory damages in a sum to be determined for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

(g) Such other and further relief as the Court shall deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

By: /s/Matthew B. Weisberg
WEISBERG LAW, P.C.

Dated: November 23, 2010