UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOZELLA McCLENDON and KAMAR SAMUELS, h/w<br><br>                Plaintiff,<br>v.<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC.;<br>ALAN R. MEGE, ESQ.<br>                Defendant. | CIVIL ACTION<br><br>No. 3:10-cv-2443 |

**FIRST AMENDED COMPLAINT**

**I.   INTRODUCTION**

1.   This action involves a wrongful debt collection brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") and state consumer protection and common law.

**II.   JURISDICTION**

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §1332. Supplemental jurisdiction over the state law claims arises under 28 U.S.C. §1367 and 28 U.S.C. §1391. Venue is proper in this district as all defendants do business here and the underlying transaction occurred here.

**III.   PARTIES**

3.   Plaintiffs are natural persons, married, and at all times relevant hereto was a "consumer" as defined and governed by the FDCPA, 15 U.S.C. §1692 et seq. Plaintiffs reside at 7 Birchwood Drive, Blakeslee, PA 18610

4.   Defendant Commonwealth Financial Systems, Inc. ("CFS") is a corporation with principal offices at 120 North Keyser Ave., Scranton, PA 18504. CFS

regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6) and/or falls within the FDCPA as the buyer of defaulted debt.

5. Defendant CFS specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect.

6. Defendant Alan R. Mege, Esquire (hereinafter "Attorney") is an attorney licensed in the Commonwealth of Pennsylvania to practice law and served as the attorney hired by defendant CFS to collect the debt from plaintiffs hereinafter described.

IV. **FACTS**

7. Prior to the events described hereinafter, plaintiff was a debtor on a credit card issued allegedly issued to plaintiff by Bank One ("the debt").

8. The Card Agreement underlying the debt contains a "Governing Law" provision which states that Delaware law will govern the contract.

9. The Delaware statute of limitations for recovery under breach of a contract for goods and services is three (3) years.

10. Defendants sued plaintiff McClendon on the debt in or around March 3, 2008 in the Monroe County Court of Common Pleas, Docket No. 2052 CV 2008 (hereafter "the collection litigation"). Defendants alleged in the collection litigation breach of contract and account stated as their causes of action and incorrectly alleged the debt to have been originated by First USA bank rather than Bank One.

11. Plaintiff Mozella McClendon filed an Answer to Defendants' collection litigation averring that Plaintiff Mozella McClendon had not made a payment towards this debt for in excess of 4 years.

12. Defendants, in its Answer to New Matter raised by Plaintiff in answer to the collection litigation, denied that CFS had not received payments from Plaintiff the four (4) years preceding the collection litigation.

13. Upon information and belief, CFS never provided to Attorney any proof of payments to it by plaintiff within four (4) years of filing of the litigation.

14. During discovery in the collection litigation, defendants produced a credit card statement from the original creditor, Bank One, indicating that the debt had been charged off in March, 2004.

15. Under applicable IRS regulations, when creditors deem a debt uncollectible within a minimum of one hundred eighty (180) days after the debtor's default on the debt, they are permitted to remove it from accounting as a receivable and "charge it off" as a loss on their books.

16. The aforesaid Bank One credit card statement of Plaintiff's produced by defendants indicates that payment is due within 30 days of billing.

17. Upon information and belief including the foregoing provisions of the credit card agreement and facts of payment toward the debt, Plaintiff Mozella McClendon had defaulted on the debt contract in or around November, 2003.

18. To the extent that Delaware state law applies, Defendants brought this collection action beyond the statute of limitations for contract actions permitted by Delaware law.

19. To the extent that Pennsylvania state law applies, Defendants brought the collection litigation beyond the statute of limitations for contract actions permitted in this Commonwealth by 42 Pa.C.S.A. §5525.

20. Plaintiff McClendon hired legal counsel to defend the debt based on it being time barred by Pennsylvania statute as aforesaid.

21. After filing of a Motion for Summary Judgment by plaintiff, defendant dismissed the collection litigation without prejudice on September 24, 2010.

22. Thereafter on October 11, 2010, Defendant sent plaintiff McClendon a collection letter (hereinafter "the collection letter") stating in relevant part:

"...Commonwealth Financial Systems hold a Judgment against you." ... "we are forced to explore execution of this Judgment..." that "may result in additional costs to you..."

23. Plaintiffs collectively expended in excess of $3,000 in legal fees and costs to defend the spurious collection litigation.

24. When defendant CFS referred the debt for collection and Attorney accepted and filed the collection litigation to collect the debt, they knew or should have known that the debt could not be legally collected under the terms of the debt contract or under.

25. Defendants filed the collection litigation with an ulterior motive to coerce Plaintiffs through the costs and rigors of litigation to pay the debt when defendants knew there was no legal basis for their actions.

## COUNT I.
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) and PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

26.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.  Defendant CFS is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

28.  Each Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

29.  All of the above contacts by Defendant CFS were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

30.  Defendants knew or should have known that the collection of the debt by litigation against plaintiff McClendon was time barred by both Pennsylvania and Delaware law based on Plaintiff's date of default, as described above.

31.  The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   b) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

   c) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

    d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

    e) Attempting to collect any amount not authorized by agreement or permitted by law.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs to pay the debt.

33. As a result of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT II - VIOLATION OF THE FDCPA

34. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. CFS knew or should have known that it had no judgment against plaintiff McClendon when it sent the collection letter described above.

36. Defendants knew or should have known that the collection of the debt by litigation against plaintiff McClendon was time barred by both Pennsylvania and Delaware law based on Plaintiff's date of default, as described above.

37. The foregoing acts and omissions by the Defendants in proceeding with litigated collection of a debt that was time barred and by the false allegations of the collection letter as to a non-existent judgment constitute violations of the FDCPA, which include, but are not limited to, the following:

    a) Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

    b) Defendants additionally violated 15 U.S.C. § 1692e by engaging in any false, deceptive, or misleading representations in the collection of a debt.

38. The Plaintiffs are therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

## COUNT III. - MALICIOUS USE OF PROCESS/ WRONGFUL USE OF CIVIL PROCESS

39. The allegations above are re-alleged and incorporated herein by reference.

40. The alleged contract which underlies this debt went into default in no later than November, 2003.

41. Defendants initiated the collection litigation in March, 2008, on this stale debt based on the March, 2004 charge off date rather than the contractual default date of roughly November, 2003.

### Breach of Contract based on the Card Agreement

42. Defendants knew or should have known at the time they referred the debt for collection and/or filed the time barred debt that the creditor's internal accounting for the debt's status as a "charge-off" does not affect tolling of the breach of contract statute of limitations for an action against plaintiff for breach of the Card Agreement.

43. Based on the foregoing, defendants knew or should have known at the time they referred the debt for collection and/or filed the collection litigation that collection of the debt under Count I of the collection litigation complaint was time-barred under the

Pennsylvania's four year statute of limitations or Delaware's three year statute of limitations on contract actions, whichever was applicable.

### Breach of Account Stated

44. An "account stated" is an implied by law contract involving an agreement between a debtors and creditor to a consolidated statement of debt, give up their right to bring suit on any of the underlying debts, and create a duty to pay. *Restatement (Second) of Contracts § 282* (1981); Restatement of Contracts § 422(1) (1932).

45. Pennsylvania law provides a four-year statute of limitations for "contracts implied in law." *42 Pa. Cons. Stat. Ann. § 5525(a)(4)*.

46. Based on the foregoing, defendants knew or should have known at the time they referred the debt for collection and/or filed the collection litigation that collection of the debt under Count II of the collection litigation complaint was:

   a. Time-barred under the Pennsylvania's four year statute of limitations or Delaware's three year statute of limitations on contract actions, whichever was applicable;

   b. Not supported by any evidence.

47. The collection action brought by Defendants against Plaintiff was ultimately terminated voluntarily in favor of the Plaintiff as described above.

48. As described heretofore, Defendants commenced, continued and/or prosecuted the Collection litigation without probable cause and for a purpose other than that of securing proper discovery, or adjudication of the claim in which the proceedings were based.

49. As described heretofore, Defendants acted in a grossly negligent manner in commencing, continuing and/or prosecuting the Collection litigation.

51. By the commencement, continuation and prosecution of the Collection litigation, Defendants acted maliciously and for the primary purpose of harassing Plaintiffs into payment of the debt that Plaintiff no longer had any legal obligation to pay.

52. At all times relevant hereto, Defendants intentionally and implicitly misrepresented the material facts of the Collection litigation including but not limited to the allegation that plaintiffs had made a payment towards the debt within four (4) years of the collection litigation being filed.

53. Defendants are liable to Plaintiff for his losses, expenses and damages pursuant to 42 Pa.C.S.A. 8351 et. seq., titled Wrongful Use of Civil Proceedings, for inflicting anxiety, fear, and emotional distress on Plaintiff.

## PRAYER

**WHEREFORE**, Plaintiff demands judgment against defendants, jointly and severally, or singly as indicated, for:

(a) Actual and compensatory Damages against defendant;

(b) Actual damages pursuant to 73 P.S.§ 201-9.2(a) against Defendant;

(c) Treble actual damages pursuant 73 P.S.§ 201-9.2(a) against Defendant;

(d) Costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a), and;

(e) Actual damages in the form of emotional distress and statutory damages in a sum to be determined for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

(g) Punitive damages for malicious and wrongful use of process;

(h) Such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/Matthew B. Weisberg
WEISBERG LAW, P.C.

Dated: May 3, 2011